# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

## CAPITAL CASE

TERRICK NOONER, ADC #000926                                                              PETITIONER

v.                                          No. 5:14CV00374 JLH

RAY HOBBS, Director,
Arkansas Department of Correction                                                        RESPONDENT

### OPINION AND ORDER

Terrick Nooner is a death row inmate at the Varner Supermax Unit of the Arkansas Department of Correction. He has filed a petition under 28 U.S.C. § 2254 seeking to set aside his 1993 conviction for capital murder.[1]

In one of Nooner's previous cases, United States Magistrate Judge J. Thomas Ray related the history of Nooner's litigation:

> Since 1995, Petitioner has filed thirty-two § 1983 actions and eleven habeas actions. . . . [A]t least three of Petitioner's habeas actions have been dismissed as successive.
>
> In the current habeas action, Petitioner challenges the constitutionality of a September 1993 capital murder conviction he received in Pulaski County, Arkansas, and a November 1993 aggravated robbery conviction he received in Saline County, Arkansas. . . . However, Petitioner has previously challenged his September 1993 capital murder conviction in the following habeas actions: (1) *Nooner v. Norris*, 5:96CV00495; and (2) *Nooner v. Norris*, 5:97CV00228. Similarly, Petitioner has previously challenged his November 1993 aggravated robbery conviction in the following habeas actions: (1) *Nooner v. Norris*, 5:95CV00422; (2) *Nooner v. Norris*, 5:97CV00228; (3) *Nooner v. Norris*, 5:99CV00431; and (4) *Nooner v. Norris*, 5:01CV00169.

---

[1] Nooner's present petition states that the date of his judgment or conviction was 8-15-2014 and provides a case number of 15CV-2014-95, which is evidently a reference to a civil case. When asked to identify the crimes of which he was convicted and sentenced in this case, however, he states that the crimes and sentences are capital murder (lethal injection) and robbery (life without parole), which are crimes of which he was convicted in 1993.

*Nooner v. Norris*, E.D. Ark. 4:03CV00450 SMR/JTR, Document #21 at 1-2. Judge Ray thereafter recommended that Nooner's petition be dismissed without prejudice so that he could obtain permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive petition. The Court adopted Judge Ray's recommendation. Nooner subsequently obtained permission from the Eighth Circuit to file a second or successive petition, and he again challenged his murder conviction in *Nooner v. Norris*, No. 5:08CV00003-JLH. *See Nooner v. Hobbs*, 689 F.3d 921 (8th Cir. 2012). Thus, Nooner has previously filed three petitions challenging his murder conviction under 28 U.S.C. § 2254 and four previous petitions challenging his robbery conviction.

Before a second or successive application for habeas relief may be sought, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). A later petition is successive if it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition. *Crouch v. Norris*, 251 F.3d 720, 724 (8th Cir. 2001); *see also Morgan v. Javois*, 744 F.3d 535, 536-37 (8th Cir. 2013).

Nooner's present grounds for relief are that the proceedings that resulted in his 1993 convictions are barred by the speedy trial statute; that there was a pre-accusation delay by the government; and that the officers who prosecuted him should have been disqualified. The first two grounds for relief obviously could have been raised earlier. As to the third ground for relief, Nooner says that "the federal public defender wouldn't," Document #2 at 7, which apparently indicates that in his previous habeas cases in which the federal public defender has represented him he asked the federal public defender to raise this issue but that office declined. Thus, it appears that all of

Nooner's grounds for relief could have been raised in an earlier petition, which makes this a second or successive petition for which Nooner must obtain permission from the Eighth Circuit.

Terrick Nooner's petition for relief under 28 U.S.C. § 2254 is dismissed without prejudice so that Nooner may seek permission from the United States Court of Appeals for the Eighth Circuit to file such a petition. Nooner's application to proceed *in forma pauperis* is denied as moot. Document #1. Nooner's petition for immediate transfer from the State of Arkansas is denied. Document #3.

IT IS SO ORDERED this 17th day of October, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE